**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HOBBY LOBBY STORES, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-12-1000-HE |
| | ) | |
| KATHLEEN SEBELIUS, in her official capacity as the Secretary of the United States Department of Health and Human Services, *et al.*, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs, Hobby Lobby Stores, Inc., Mardel, Inc., David Green, Barbara Green, Steve Green, Mart Green and Darsee Lett sued Kathleen Sebelius, Secretary of the United States Department of Health and Human Services ("HHS"), and other government officials and agencies challenging regulations issued under the Patient Protection and Affordable Care Act, Pub.L. No. 111-148, 124 Stat. 119 (2010), as amended by the Heath Care and Education Reconciliation Act, Publ. L. No. 111-152, 124 Stat. 1029 (2010) ("ACA"). Plaintiffs claim the preventive services coverage provision of the ACA violates their First Amendment rights and their rights under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq*.

Plaintiffs filed a motion for injunctive relief, which the court denied. That decision was reversed by the Tenth Circuit Court of Appeals, which concluded that "Hobby Lobby and Mardel have established a likely violation of RFRA," 42 U.S.C. §2000bb *et seq.*, and that "establishing a likely RFRA violation satisfies the irreparable harm factor [of the

preliminary injunction test]." Hobby Lobby Stores, Inc. v. ,Sebelius, ___ F.3d ___, ___ (10th Cir. 2013). The court was directed on remand to consider whether plaintiffs met their burden on the two remaining preliminary injunction elements – equitable balancing and whether issuance of an injunction would be in the public interest.[1] At the conclusion of a hearing held this date, and after considering the parties' briefs and oral arguments on these issues, the court determined that plaintiffs' request for a preliminary injunction should be granted.

With respect to the balance of harms determination, the government's interest in providing Hobby Lobby and Mardel's 13,000 employees with access to all FDA-approved contraceptive methods, through their employment-based group health plans, is not insignificant. However, the bulk of the approved methods are available to them, unlike a substantial number of other employees whose plans the government has completely exempted from the contraceptive-coverage requirement of the ACA. If the injunction does not issue, Hobby Lobby and Mardel must either face penalties that could conceivably amount to $1.3 million/day or the violation of their newly recognized religious rights, as for-profit corporations, under RFRA. On balance, the court finds the threatened injury to the corporations if the injunction does not issue outweighs the potential harm to the government.

The question of whether plaintiffs have shown that an injunction would not be adverse to the public interest is less clear, as the court must consider which of two competing statutes

---

[1] *A four-judge plurality of the Court of Appeals concluded that all four preliminary injunction factors tipped in favor of Hobby Lobby and Mardel and that an injunction should issue.*

should be enforced. The rights at issue are statutory, not constitutional, though both RFRA and the ACA implicate rights recognized by the Constitution.

Given the importance of the interests at stake in this case, the fact that the ACA's requirements raise new and substantial questions of law and public policy, and that substantial litigation as to the mandate at issue here is ongoing around the country, the court concludes there is an overriding public interest in the resolution of the legal issues raised by the mandate before Hobby Lobby and Mardel are exposed to the substantial penalties that are potentially applicable. The public interest therefore lies in preserving the status quo until the issues raised by plaintiffs' claims are resolved.

For these reasons and those announced from the bench, and after giving effect to the decision of the Court of Appeals, the court concludes Hobby Lobby and Mardel have met their burden of showing they are entitled to the issuance of a preliminary injunction. Accordingly, defendants, their agents, officers, and employees are **ENJOINED** and **RESTRAINED** from any effort to apply or enforce, as to plaintiffs, the substantive requirements imposed in 42 U.S.C. § 300gg-13(a)(4) and at issue in this case, or the penalties related thereto, until further order of the court.

As agreed to by the parties, further proceedings in this case are **STAYED** until **October 1, 2013**. The government is directed to advise the court if, prior to that date, it determines it will not seek review of the Tenth Circuit's decision.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE