# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOBBY LOBBY STORES, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. CIV-12-1000-HE |
| ) | |
| KATHLEEN SEBELIUS, Secretary of the ) | |
| United States Department of Health and ) | |
| Human Services, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The parties are in agreement that plaintiffs are entitled to judgment in their favor on their claims asserted under the Religious Freedom Restoration Act ("RFRA"), in light of the Supreme Court's decision in Burwell v. Hobby Lobby Stores, Inc., 134 S.Ct. 2751 (2014).[1] They disagree, however, as to the form that judgment should take. Plaintiffs seek a broad order enjoining both the statute involved and the implementing regulations adopted by the Department of Health and Human Services.[2] Defendants seeks a narrower order focused on the particular regulations at issue in this case and as discussed in Burwell. Both parties are concerned with the potential impact of future regulatory developments—with plaintiffs seeking to avoid having their success in this litigation undercut by some future regulation which may insufficiently accommodate their religious rights, and defendants seeking to avoid

---

[1]*Though the parties do not explicitly address the issue, the prevailing plaintiffs are the corporate entities, Hobby Lobby Stores, Inc. and Mardel Inc. The Supreme Court affirmed the judgment of the Tenth Circuit, which ran in favor of the corporate plaintiffs.*

[2]*The principal statute at issue is 42 U.S.C. § 300gg-13(a)(4), which generally requires an employer's group health plan to furnish "preventive care and screenings" for women without "any cost sharing requirements."*

some anticipatory limitation on otherwise proper regulatory initiatives that they might undertake. The crux of the parties' competing positions appears to be whether the court's judgment should enjoin the operation of the statute involved, in addition to the particular regulations implementing the contraceptive mandate.

While the plaintiffs' desire to avoid unnecessary future litigation is understandable, the court concludes the course of proceedings in this case is more consistent with a limited order which does not attempt to anticipate future regulatory developments. Plaintiffs' complaint challenged "the regulations issued under the [Act]" and referred to the "administrative rule at issue in this case ('the Mandate')." Doc. #1, ¶¶ 1, 8. Similarly, the Supreme Court focused on the regulations—"We hold that the regulations that impose this obligation violate RFRA ...." Burwell, 134 S.Ct. at 2759. "Since RFRA applies in these cases, we must decide whether the challenged HHS regulations substantially burden the exercise of religion ...." Id. A broader order enjoining any potential application of the statute thus goes beyond what has been actually decided and litigated in this case.

A narrow approach also minimizes constitutional concerns which might otherwise arise. Allowing one statute to trump another later-enacted statute potentially implicates long-standing constitutional limitations on the power of one Congress to bind a future Congress. See, e.g., United States v. Winstar Corp., 518 U.S. 839 (1996); Reichelderfer v. Quinn, 287 U.S. 315, 318 (1932) ("[T]he will of a particular Congress ... does not impose itself upon those to follow in succeeding years." Justice Scalia has suggested this principle limits the power of one legislature to control the manner in which a later legislature makes its will

known.  Lockhart v. U.S., 546 U.S. 142, 148 (2005) (Scalia, J., concurring).  RFRA, particularly the requirement of 42 U.S.C. § 2000bb-3 that RFRA's provisions control unless the future statute explicitly excepts itself from RFRA, arguably does exactly that.  Though the issue appears not to have been raised in the appellate proceedings in this case,[3] it has potential applicability in defining RFRA's reach.  A judgment directed solely to the regulations issued by HHS, rather than to the entire statutory basis for them, minimizes any issue in that regard.

Accordingly, in light of the Supreme Court's decision in Burwell and the parties further submissions, it is **ORDERED** as follows:

1. Judgment will be entered in favor of Hobby Lobby Stores, Inc. and Mardel, Inc. and against defendants on the corporate plaintiffs' claims under the Religious Freedom Restoration Act.

2. Defendants, their employees, agents, and successors in office are permanently **ENJOINED** from enforcing against plaintiffs Hobby Lobby Stores, Inc. and Mardel, Inc., their employee health plan(s), the group health coverage provided in connection with such plan(s), and/or these plaintiffs' health insurance issuers and/or third-party administrators with respect to these plaintiffs' health plan(s):

(a) the regulations promulgated by the United States Department of Health and

---

[3]*The Court of Appeals appears to have viewed the reach of RFRA as being only a question of the legislative intent of the earlier Congress: "In addition, Congress knows how to ensure that a prior-enacted statute restricts the meaning of a later-enacted statute. RFRA is just such a statute, restricting later-enacted federal statutes unless those statutes specifically exempt themselves," citing 42 U.S.C. § 2000bb-3(b). Hobby Lobby Stores Inc. v. Sebelius, 723 F.3d 1114, 1130 (2013).*

Human Services under the Patient Protection and Affordable Care Act of 2010, referred to by the Supreme Court in <u>Burwell</u> as "the contraceptive mandate," which require plaintiffs Hobby Lobby Stores, Inc. and Mardel, Inc. to provide their employees with health coverage for contraceptive methods, sterilization procedures, and related patient education and counseling to which plaintiffs' object on religious grounds, *e.g.*, 26 C.F.R. §54.9815-2713(a)(1)(iv); 29 C.F.R. §2590.715-2713(a)(1)(iv); 45 C.F.R. § 147.130(a)(1)(iv);

(b) any penalties, fines, or assessments for noncompliance with "the contraceptive mandate;" and

(c) from taking any other actions based on noncompliance with "the contraceptive mandate;"

3. All plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. As the prevailing parties, Hobby Lobby Stores, Inc. and Mardel, Inc. are entitled to recover their costs pursuant to Fed.R.Civ.P. 54(d)(1). The parties are directed to confer and attempt to reach an agreement on attorney's fees, *see* 42 U.S.C. § 1988(b), and costs. If the parties are unable to reach an agreement, plaintiffs may file a motion for attorney's fees and a bill of costs within **sixty (60) days** of the entry of judgment.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE

4